NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3065
_____

ANDRE D. BUTLER,
Appellant

v.

JUDGE DORIS A. PECHKUROW;
CITY OF PHILADELPHIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 16-cv-02822)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2016
Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: October 19, 2016)
_____

OPINION*
_____

PER CURIAM

        Andre D. Butler appeals the District Court's order dismissing his case.  For the

reasons below we will affirm the District Court's order.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Butler filed a complaint against Judge Pechkurow and the City of Philadelphia. He challenged Judge Pechkurow's actions in a child support case in the Philadelphia Family Court in which he is the defendant. The District Court dismissed the complaint before service pursuant to 28 U.S.C. § 1915(e). It determined that Judge Pechkurow was entitled to judicial immunity, and that it could not review the state court's decisions under the <u>Rooker-Feldman</u> doctrine.[1] It also concluded that Butler did not make any allegations that could impose municipal liability on the City of Philadelphia. Butler filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. 1291, and our review of the District Court's dismissal of the complaint before service is plenary. <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000). We agree that Judge Pechkurow was entitled to judicial immunity. <u>See</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978) (judges not civilly liable for judicial acts). Her actions in handling and adjudicating Butler's state court case were clearly judicial acts. <u>Id.</u> at 362. The District Court was correct that the City of Philadelphia could not be held liable under 42 U.S.C. § 1983 unless the alleged violation was caused by an official policy or custom. <u>Monell v. Dep't of Soc. Serv. of City of New York</u>, 436 U.S. 658, 691 (1978). The allegations in the complaint do not reflect any such violation.

---

constitute binding precedent.

[1] The <u>Rooker-Feldman</u> doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

Generally a plaintiff should be given leave to amend a complaint subject to dismissal. See Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Here, however, Butler has identified no additional facts nor offered any explanation as to how he would amend in a way that would overcome Judge Pechkurow's judicial immunity or establish Philadelphia's municipal liability. Under those circumstances, the District Court correctly determined that allowing Butler leave to amend his complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Based on his current allegations, we can imagine no additional facts Butler could plead that would overcome Judge Pechkurow's judicial immunity or establish Philadelphia's municipal liability.

In his brief, Butler requests that we declare that he is not in contempt of the state court and enjoin Judge Pechkurow from requiring him to appear in state court. We decline to order such relief in the circumstances of this case, for federal courts should abstain from interfering with ongoing state proceedings. See Younger v. Harris, 401 U.S. 37, 41 (1971).

For the above reasons, we will affirm the District Court's order.